```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA

          v.                              File No. 1:19-cr-00041

PHILIP GORDON PAAUWE,

          Defendant.
_____/


                            Hearing
Before

                    THE HONORABLE RAY KENT
                 United States Magistrate Judge
                        June 4, 2019


                          APPEARANCES

For the Government:    Mr. Davin M. Reust
                       Assistant U.S. Attorney (Grand Rapids)
                       The Law Building
                       330 Ionia Avenue, N.W.
                       P.O. Box 208
                       Grand Rapids, MI  49501-0208
                       (616) 456-2404
                       davin.reust@usdoj.gov

For the Defendant:     Matthew G. Borgula
                       Springstead, Bartish, Borgula & Lynch
                       15 Ionia Avenue, S.W., Ste. 520
                       Grand Rapids, MI  49506
                       (616) 458-5500
                       matt@springsteadbartish.com

Courtroom Deputy:      S. Carpenter

Recorded By:           Digitally Recorded

Transcribed By:        Bonnie L. Rozema, CER-5571
                       (616) 878-9091
                       rozemab1@comcast.net
```

TABLE OF CONTENTS

WITNESS:                                    PAGE

None

EXHIBITS:                                   IDENTIFIED

None

1    Grand Rapids, Michigan

2    Tuesday, June 4, 2019 - 2:10 p.m.

3              THE COURT:  This is 19-cr-41, United States

4        versus Philip Gordon Paauwe.  Am I pronouncing your name

5        correctly?

6              MR. PAAUWE:  Yes, your Honor.

7              THE COURT:  Mr. Reust appears on behalf of the

8        United States, Mr. Borgula on behalf of Mr. Paauwe.

9        Mr. Paauwe, we're here this afternoon because Mr. Borgula

10       tells me that you've decided to change your plea from not

11       guilty to guilty pursuant to the terms of a written plea

12       agreement; is that right?

13             MR. PAAUWE:  That is correct, your Honor.

14             THE COURT:  Mr. Paauwe, remind me how far you

15       got in school.

16             MR. PAAUWE:  I have a bachelor's degree from

17       Grand Valley State University, your Honor.

18             THE COURT:  All right.  Do you have any physical

19       or mental disability that would make it difficult for you

20       to understand what the charge is you're pleading guilty to,

21       the contents of your plea agreement, or what's happening

22       here in the courtroom?

23             MR. PAAUWE:  No, your Honor.

24             THE COURT:  In the last 24 hours have you had

25       any drugs, alcohol, or medicine?

1          MR. PAAUWE:  A glass of champagne.

2          THE COURT:  All right.

3          MR. PAAUWE:  Oh, and prescription medication.

4     Prozac, 40 milligrams.

5          THE COURT:  Okay.  Do you feel like your mind is

6     clear as you're sitting here now?

7          MR. PAAUWE:  Yes, sir.

8          THE COURT:  Mr. Borgula, is Mr. Paauwe competent

9     to proceed?

10          MR. BORGULA:  Yes, he is, your Honor.

11          THE COURT:  Mr. Reust, do you agree?

12          MR. REUST:  Yes, your Honor.

13          THE COURT:  Mr. Paauwe, you do have the right to

14     remain silent even now.  If we go forward with your plea

15     hearing, however, I'll be asking you a series of questions.

16     In answering those questions you'll be giving up both the

17     right to remain silent and also the presumption of

18     innocence because some of my questions will go to the issue

19     of your guilt.  Moreover, before I ask you those questions,

20     I'm going to have you placed under oath to tell the truth.

21     If you were then to answer any of my questions falsely, you

22     could be charged with new crimes, including perjury or

23     making a false statement, which carry their own separate

24     penalties.  Do you understand all of that?

25          MR. PAAUWE:  I do, your Honor.

—4—

1          THE COURT:  Do you still wish to go forward?

2          MR. PAAUWE:  I do, your Honor.

3          THE COURT:  If you would, sir, stand and raise

4     your right hand.  I'm going to have you sworn to tell the

5     truth.

6          THE COURTROOM DEPUTY:  Do you swear or affirm

7     that the testimony you are about to give relevant to this

8     cause now pending before the Court is the truth, the whole

9     truth, and nothing but the truth so help you God?

10         MR. PAAUWE:  I do.

11              PHILIP GORDON PAAUWE,

12         sworn by the courtroom deputy at 2:12 p.m.,

13    testified upon his oath as follows.

14         THE COURTROOM DEPUTY:  You may be seated.

15         THE COURT:  Mr. Paauwe, you have the right to

16    have this hearing held before Judge Paul Maloney.  Judge

17    Maloney's the trial judge assigned to your case and the

18    judge who will sentence you if your plea of guilty is

19    accepted.  Judge Maloney is a United States district judge.

20    He was appointed for life by President Bush.  I'm a United

21    States magistrate judge.  I was not appointed by a

22    president.  I don't have lifetime tenure.  My job

23    essentially is to assist Judge Maloney in the discharge of

24    his responsibilities.  Unlike Judge Maloney, I can't accept

25    your plea agreement, accept your guilty plea, or find you

1          guilty.  What I can do is ask you the questions that Judge

2          Maloney would ask if he were here, advise you of your

3          rights as he would, and then prepare a written report to

4          him recommending that he either accept or reject your plea

5          agreement and accept or reject your plea.  Do you

6          understand the difference between Judge Maloney and me?

7                    MR. PAAUWE:  Yes, your Honor.

8                    THE COURT:  Do you understand you have the right

9          to have this hearing before Judge Maloney?

10                    MR. PAAUWE:  Yes, your Honor.

11                    THE COURT:  We're going to project up on the

12          screen now a form which appears to contain your written

13          decision to consent to my handling of the hearing in place

14          of Judge Maloney.  Is that your signature near the bottom

15          of the form?

16                    MR. PAAUWE:  Yes, it is, your Honor.

17                    THE COURT:  Did you read and understand the form

18          before you signed it?

19                    MR. PAAUWE:  Yes, I did, your Honor.

20                    THE COURT:  Did anybody threaten you, coerce

21          you, or promise you anything to get you to consent to my

22          handling of the hearing?

23                    MR. PAAUWE:  No, your Honor.

24                    THE COURT:  Was that a freewill and voluntary

25          decision by you?

1              MR. PAAUWE:  It was, your Honor.

2              THE COURT:  Mr. Reust, does the government

3       consent to my handling of the hearing?

4              MR. REUST:  Yes, your Honor.  And I've signed

5       the form as well.

6              THE COURT:  All right.  Mr. Borgula, do you?

7              MR. BORGULA:  Yes, your Honor.

8              THE COURT:  All right, well, I accept your

9       consent, Mr. Paauwe, and we'll proceed with the hearing.  I

10      remind you of your right to a lawyer.  You've hired

11      Mr. Borgula to represent you.  That's absolutely fine.  As

12      I told you before, if at any time you were unable to afford

13      to continue him, you just ask me and I'll appoint a lawyer

14      if you qualify.  Do you understand that?

15             MR. PAAUWE:  Yes, your Honor.

16             THE COURT:  Have you been satisfied with the

17      work that Mr. Borgula and his firm has done on your behalf

18      so far?

19             MR. PAAUWE:  I have, your Honor.

20             THE COURT:  Mr. Paauwe, you do, still, even now

21      have the right to persist in your plea of not guilty.  At

22      least at this moment you remain presumed innocent of these

23      charges.  The government still has the burden of proving

24      you guilty beyond a reasonable doubt on each and every

25      element of those charges.  That would occur at a speedy and

1      public trial before twelve jurors drawn from the community.

2      At trial you would have the right through Mr. Borgula to

3      confront and cross-examine the government's witnesses, to

4      call your own witnesses and have the Court order them to

5      appear and testify.  You would have the right to present

6      other evidence which you believe demonstrates you're not

7      guilty of these charges.

8              And finally, you would have the right to either

9      take the witness stand and testify in your own defense, or

10     remain silent and not have your silence used against you in

11     any way.  If we go forward with your guilty plea hearing,

12     however, you'll be giving up the right to a trial, there

13     won't be a trial of any kind, and you'll also be giving up

14     all of the rights that I've just described, except the

15     right to continue to be represented by Mr. Borgula.  Do you

16     understand all of that?

17             MR. PAAUWE:  Yes, I do, your Honor.

18             THE COURT:  Do you still wish to go forward?

19             MR. PAAUWE:  I do, your Honor.

20             THE COURT:  It's my understanding that under the

21     terms of the plea agreement you'll be pleading guilty to

22     Count 1 of the indictment.  Count 1 charges you with

23     coercion and enticement of a minor.  The government claims

24     that between September 26, 2017 and January 4, 2019, in

25     Kent County, using your Apple iPhone 7, you enticed a 17

1      year old girl to send images and videos of herself engaged

2      in sexually explicit conduct.  Do you understand what

3      you're charged with in Count 1?

4                  MR. PAAUWE:  I do, your Honor.

5                  THE COURT:  If Judge Maloney accepts your guilty

6      plea on that count, there are penalties that apply.  Judge

7      Maloney would have to sentence you to a minimum sentence of

8      at least ten years in prison and a maximum sentence up to

9      life in prison, a fine of up to $250,000, supervised

10     release of at least five years, and up to lifetime

11     supervised release.  Do you know what supervised release

12     is?

13                 MR. PAAUWE:  I'm assuming it is something

14     similar to probation, your Honor.

15                 THE COURT:  It's similar in the sense that you

16     would be under the supervision of Judge Maloney.

17     Supervised release does not begin until a defendant is

18     released from serving any prison term.  So if you're

19     sentenced to prison, which you must be in this case, when

20     you get out you'll be placed on supervised release, Judge

21     Maloney will impose conditions on you, things like, you

22     know, you not commit any federal, state, or local crime,

23     you register, as you will be required to, as a sex

24     offender, you may be -- seek and maintain a job,

25     counseling, drug treatment, whatever Judge Maloney thinks

1     is appropriate for you.  But the important thing for our

2     purposes today is that you understand that if you violate

3     any of those conditions, Judge Maloney can send you back to

4     prison for all or any part of that supervised release term.

5     Do you understand now?

6               MR. PAAUWE:  I do, your Honor.

7               THE COURT:  All right.  There is also two

8     special assessments, one in the amount of 100, one in the

9     amount of $5,000.  You'll be ordered to pay restitution, so

10    if this -- if the victim in this Count 1 required, oh, like

11    medical treatment or psychological counseling or, you know,

12    anything of that nature that was necessitated by your

13    conduct, you will be ordered to compensate her the cost of

14    that.  Finally, you will be required to register as a sex

15    offender for the rest of your life.  Do you understand the

16    penalties?

17              MR. PAAUWE:  I do, your Honor.

18              THE COURT:  If you went to trial on this charge,

19    Count 1, there are certain things the government would have

20    to prove.  First, that you knowingly persuaded, induced,

21    enticed, or coerced an individual under the age of 18 to

22    engage in unlawful sexual activity; two, that you used a

23    means or facility of interstate or foreign commerce to do

24    so, and three, you knew the individual was under 18.  I'm

25    going to ask Mr. Reust now to briefly summarize the

1    evidence the government would offer if you went to trial on

2    Count 1.  Please listen carefully.  I'll have a couple

3    questions for you when he's finished.  Mr. Reust.

4              MR. REUST:  Thank you, your Honor.

5              If this case were to go to trial, the government

6    would call Special Agent, or sorry, Task Force Officer

7    Siemens, who is seated to my left, who would indicate that

8    on October 31st, 2018, he posted an advertisement on

9    Whisper, which is a social media site.  Mr. Paauwe reached

10   out to him believing that Agent Siemens was the mother of a

11   13 year old girl.  Mr. Paauwe indicated that he wanted to

12   engage in sexual relations with the daughter of persona,

13   the 13 year old girl.  And on January 4th, 2019,

14   TFO Siemens and another task force officer, Stasiak, went

15   to Mr. Paauwe's home and interviewed him.

16             He consented to the search of some of his

17   digital devices, specifically his iPhone.  When they

18   reviewed his iPhone, they found images of a girl that

19   appeared to be a minor that would constitute child

20   pornography.  They were of her genital area, and her father

21   eventually contacted them and indicated that the victim,

22   who would go by the initials of G.L., reported and was

23   subsequently interviewed and indicated that she first was

24   contacted by Mr. Paauwe or had communications with

25   Mr. Paauwe when she was 15 years old, that their

—11—

1    conversation quickly turned sexual.  He requested she take

2    and send him nude photographs of herself, which she did,

3    and the search of the phone uncovered several of those

4    photographs.  And the communications between the two were

5    ongoing between September of 2017 and until agents went to

6    his house in January of 2019.

7                    THE COURT:  Thank you, Mr. Reust.

8                    Mr. Paauwe, you heard Mr. Reust's description of

9    the evidence the government would offer if he went to trial

10   on Count 1?  Yes?

11                   MR. PAAUWE:  Yes, I did, your Honor.

12                   THE COURT:  Do you agree that the government

13   would be able to produce the evidence that he described?

14                   MR. PAAUWE:  I do believe so, your Honor.

15                   THE COURT:  And do you also agree that that

16   evidence would be sufficient to convict you?

17                   MR. PAAUWE:  I do believe so, your Honor.

18                   THE COURT:  I'm going to talk to you now about

19   some sentencing related issues.  Under the Sentencing

20   Reform Act of 1984, an organization called the United

21   States Sentencing Commission issued advisory sentencing

22   guidelines for judges like Judge Maloney to consider when

23   formulating a sentence in a criminal case.  Have you talked

24   to Mr. Borgula about these guidelines and how they might

25   apply to you?

1        MR. PAAUWE:  Yes, I have, your Honor.

2        THE COURT:  Do you understand that the most

3   Mr. Borgula can do today is give you his best estimate of

4   what your guideline range may be and what your sentence may

5   be?

6        MR. PAAUWE:  Yes, your Honor.

7        THE COURT:  Do you understand that there's

8   nobody on the face of the earth who can tell you with

9   certainty today, not Mr. Borgula, not Mr. Reust, not me,

10  not even Judge Maloney, by the way, if he was sitting here,

11  can tell you precisely what your guideline range will be or

12  what your sentence will be?

13       MR. PAAUWE:  I do understand that, your Honor.

14       THE COURT:  Do you understand Judge Maloney

15  won't even be able to determine what guideline range you

16  fall into until after a presentence report has been

17  prepared?

18       MR. PAAUWE:  Yes, your Honor.

19       THE COURT:  Do you further understand that even

20  after Judge Maloney determines what guideline range does

21  apply to you, he has the discretion of sentencing you

22  within that range, above the range or below the range?

23       MR. PAAUWE:  Yes, your Honor.

24       THE COURT:  Do you understand that if the

25  sentence Judge Maloney gives you is more severe than what

1          you're expecting as you sit here today, you'll still be

2          bound by your guilty plea and you will not be able to

3          withdraw it?

4                    MR. PAAUWE:  I do understand, your Honor.

5                    THE COURT:  Mr. Borgula, is there any kind of

6          cooperation clause in this case?

7                    MR. BORGULA:  No, your Honor.

8                    THE COURT:  Mr. Paauwe, you understand that

9          parole has been abolished in the federal system, and if

10         Judge Maloney sends you to prison, you will not be released

11         on parole?

12                   MR. PAAUWE:  Yes, your Honor.

13                   THE COURT:  Mr. Borgula, is Mr. Paauwe presently

14         on parole, probation, or bond in any other case?

15                   MR. BORGULA:  He is not.  But he's on bond, your

16         Honor.

17                   THE COURT:  In this case.

18                   MR. BORGULA:  In this case.

19                   THE COURT:  Okay.  But not -- no other case?

20                   MR. BORGULA:  Correct.

21                   THE COURT:  Okay.  Mr. Paauwe, do you understand

22         the government may have the right to appeal your sentence?

23                   MR. PAAUWE:  Yes, your Honor.

24                   THE COURT:  Do you believe you understand the

25         nature of the charge in Count 1, the penalties provided by

—14—

1    law for that charge, and your rights as I've explained them

2    to you?

3              MR. PAAUWE:  I do, your Honor.

4              THE COURT:  Understanding all of those things,

5    how do you plead to the charge in Count 1?

6              MR. PAAUWE:  I plead guilty.

7              THE COURT:  Was your decision to plead guilty

8    the result of force, threats, or coercion?

9              MR. PAAUWE:  No, your Honor.

10             THE COURT:  Was at least one of the reasons that

11   you decided to plead guilty here this afternoon the fact

12   that the government has promised that if you in fact plead

13   guilty to Count 1, the government will dismiss all the

14   other charges against you?

15             MR. PAAUWE:  Uh-huh.

16             THE COURT:  Was your decision to plead guilty a

17   freewill and voluntary act by you?

18             MR. PAAUWE:  Yes, it was, your Honor.

19             THE COURT:  Are you pleading guilty because you

20   are in fact guilty?

21             MR. PAAUWE:  That is correct.  Yes, your Honor.

22             THE COURT:  Has anybody promised you anything to

23   get you to plead guilty here today that is not contained in

24   the written plea agreement?

25             MR. PAAUWE:  No, your Honor.

—15—

1              THE COURT:  Mr. Reust, are you aware of any such

2    promises?

3              MR. REUST:  There are none, your Honor.

4              THE COURT:  Mr. Borgula?

5              MR. BORGULA:  I'm unaware of any other promises,

6    your Honor.

7              THE COURT:  Mr. Paauwe, have you read the entire

8    plea agreement?

9              MR. PAAUWE:  Yes, I have, your Honor.

10              THE COURT:  Do you understand the entire plea

11    agreement?

12              MR. PAAUWE:  I do, your Honor.

13              THE COURT:  Do you agree with the entire plea

14    agreement?

15              MR. PAAUWE:  Yes, your Honor.

16              THE COURT:  Do you agree to be bound by the

17    entire plea agreement?

18              MR. PAAUWE:  I do, your Honor.

19              THE COURT:  Have you discussed both the plea

20    agreement and your decision to plead guilty pursuant to it

21    with Mr. Borgula before today?

22              MR. PAAUWE:  I have, your Honor.

23              THE COURT:  Was he able to answer any questions

24    you had about either one of those decisions?

25              MR. PAAUWE:  He has, your Honor.

1          THE COURT:  Do you feel like you've had

2     sufficient time to consider this very important decision

3     that you're making here today?

4          MR. PAAUWE:  I do, your Honor.

5          THE COURT:  I'm going to go through the plea

6     agreement with you now.

7          Mr. Borgula, is there a copy he can follow along

8     with?

9          MR. BORGULA:  Yes, your Honor.

10         THE COURT:  I'm going to do it paragraph by

11     paragraph.  In paragraph one you agree to plead guilty to

12     Count 1.  Paragraph two lays out the elements, we've

13     discussed those.  Paragraph three, the penalties, we've

14     covered those.  Paragraph four, restitution, we've talked

15     about that.  Paragraph five, supervised release, we've

16     covered that.  Paragraph six covers asset forfeiture.

17     You're agreeing to turn all right, title, and interest in

18     the iPhone over to the government.  Do you understand that?

19         MR. PAAUWE:  Yes, your Honor.

20         THE COURT:  Paragraph seven, the factual basis

21     of guilt we'll come back to.  Paragraph eight contains the

22     government's promise to dismiss the other charges against

23     you if you plead guilty to Count 1.  Paragraph B contains

24     another promise by the government to move for an additional

25     one level reduction in your guideline range because you

—17—

1    have permitted the government to avoid preparing for trial

2    by your guilty plea.  Paragraph nine covers the sentencing

3    guidelines.  We've discussed those.  Paragraph 10 says

4    there's no agreement about what your guideline range is.

5    It really doesn't matter, because even if there was an

6    agreement, it would be up to Judge Maloney to decide

7    anyway.  Paragraph 11 contains a waiver of your

8    constitutional rights at trial.  We've covered those.

9            Paragraph 12 covers your waiver of some other

10   rights, including rights to attack your conviction or

11   sentence after it's over, whether by appeal or collateral

12   attack.  There's two exceptions carved out.  The paragraph

13   12 lists six, but four of those you can't waive in any

14   event, so I'm not going to talk to you about those.  But

15   the two you could have waived but are retaining are number

16   three, if Judge Maloney incorrectly determines your

17   guideline range and if Mr. Borgula objects to that, and

18   number four, if Judge Maloney sentences above the guideline

19   range and unreasonable.

20           Paragraph 14, for what seems like the count -- I

21   don't know how many times I have to say this now, but

22   paragraph 14 is void as against public policy.  I will

23   recommend that Judge Maloney reject paragraph 14.  The

24   government cannot coerce surrender of a valid claim that a

25   prosecution has been vexatious, frivolous, or in bad faith

1    for the purpose of extorting a plea from a defendant, and

2    for that reason, the so-called Hyde waiver is void.  I'll

3    recommend that he not accept it.  Of course it's up to him

4    to decide what to do about that.

5            Paragraph 15 is very important.  It recites the

6    fact that Judge Maloney is not a party to this agreement

7    and not bound by any part of it.  You understand that,

8    right, Mr. Paauwe?

9            MR. PAAUWE:  I do, your Honor.

10           THE COURT:  Paragraph 18 recites the fact that

11   you must register as a sex offender as a result of this

12   conviction.  We've talked about that.

13           Mr. Reust, anything -- any other portions of the

14   plea agreement you wish to place into the record?

15           MR. REUST:  No, your Honor, thank you.

16           THE COURT:  Mr. Borgula, any portions you wish

17   to place in the record?

18           MR. BORGULA:  No, your Honor.

19           THE COURT:  All right, Mr. Paauwe, if you would,

20   please, turn to paragraph seven.  I have got a couple

21   questions for you about paragraph seven.  My first question

22   is this:  Is every statement contained in paragraph seven

23   true?

24           MR. PAAUWE:  Yes, your Honor.

25           THE COURT:  Do you agree with every statement

1           contained in paragraph seven?

2                    MR. PAAUWE:  Yes, your Honor.

3                    THE COURT:  Do you agree to be bound by every

4           statement in paragraph seven?

5                    MR. PAAUWE:  Yes, your Honor.

6                    THE COURT:  Do you agree to be sentenced at

7           least in part based upon the statements made in paragraph

8           seven?

9                    MR. PAAUWE:  Yes, your Honor.

10                   THE COURT:  Mr. Reust, are the statements

11          contained in paragraph seven sufficient to support the

12          plea?

13                   MR. REUST:  They are, your Honor.

14                   THE COURT:  Mr. Borgula, do you agree?

15                   MR. BORGULA:  I agree, your Honor.

16                   THE COURT:  Mr. Paauwe, I find your plea is made

17          knowingly and with full understanding of each of the rights

18          that I explained to you, that it's made voluntarily and

19          free from any force, threats, or promises other than the

20          promises contained in the written plea agreement.  I find

21          that you understand the nature of the charge in Count 1,

22          the penalties provided by law for that charge, and that

23          your plea has a sufficient factual basis to support it,

24          specifically the agreed-upon or stipulated facts contained

25          in paragraph seven of the plea agreement.  I defer

1    acceptance of the plea agreement and your plea to Judge

2    Maloney.  Those are his decisions to make, not mine, but I

3    will prepare a written report today recommending that he

4    accept both your plea agreement and your plea, and that he

5    find you guilty.  I'm going to order that a presentence

6    investigation commence and that a presentence report be

7    prepared.

8              The next thing likely to happen in your case

9    will be a presentence interview.  A probation officer will

10   sit down with you, Mr. Borgula, or one of the lawyers that

11   he works with will be there.  The probation officer will

12   ask you a whole series of questions about your childhood,

13   your family, your upbringing, your education, your health

14   history, work history, substance abuse history, criminal

15   history if you have any.  In using that and other

16   information, we'll prepare a report for Judge Maloney.  You

17   and Mr. Borgula will get a copy of that report at least a

18   month before you're sentenced.  Again, Mr. Borgula will sit

19   down with you, go through it all carefully.  If there are

20   things that you or both of you disagree with, for example

21   the officer's scoring of your guidelines, Mr. Borgula will

22   speak with the officer and attempt to work out any issues.

23   If issues remain, Judge Maloney will decide those before he

24   sentences you.  That is likely to take place in late

25   September or early October, would be my best guess.  It's

1    running about four months between plea and sentencing right

2    now.

3            Mr. Reust, what's the government's position on

4    continued bond for Mr. Paauwe?

5            MR. REUST:  Government does seek Mr. Paauwe's

6    bond.  It did at the initial -- initial hearing, which was

7    held before Judge Carmody.  I think she considered it a

8    close call and ultimately let him out based on the

9    presumption of innocence.  And I understand that he still

10   has that, but he's at least proffered a factual basis that

11   would support a guilty plea here.

12           THE COURT:  Has there been -- have there been

13   any issues while he's been on bond?

14           MR. REUST:  My understanding is there have not.

15           THE COURT:  All right.  I'm going to --

16   Mr. Borgula, do you wish to be heard on this issue?

17           MR. BORGULA:  There have been no issues on bond,

18   your Honor.  He's been a model citizen.  He's prepared for

19   either outcome today, whether to go in or stay out.

20           THE COURT:  All right.  I'm going to take the

21   matter under advisement.  I want to talk to Pretrial

22   Services, get their input, and then I will let the lawyers

23   know what my decision is.  Probably won't be today when I

24   decide though, so.

25           Anything else we should take up here today,

—22—

1          Mr. Reust?

2                     MR. REUST:  No, your Honor, thank you.

3                     THE COURT:  Anything from you, Mr. Borgula?

4                     MR. BORGULA:  No, your Honor.  Thank you.

5                     THE COURT:  Mr. Paauwe, did you understand

6          everything that happened in court here this afternoon?

7                     MR. PAAUWE:  I did, your Honor.

8                     THE COURT:  Do you have any questions for me?

9                     MR. PAAUWE:  I do not, your Honor.

10                    THE COURT:  All right.  Now I'm leaving you on

11         bond at least, you know, it will be at least overnight.  It

12         could be longer, I don't know.  And ultimately I'm not

13         committing what my decision will be.  I might order you

14         taken into custody, but understand how critically

15         important, I mean when you walk through the doors of that

16         courtroom you were still presumed innocent.  That no longer

17         applies.  You haven't been found guilty, because I don't

18         have the power to do that, but you at least have tendered a

19         plea and laid a factual basis that would support the

20         acceptance of a guilty plea.  I'm sure you're hoping that

21         Judge Maloney will accept the agreement contained in the

22         written plea agreement that the government be allowed to

23         dismiss all the other charges against you.  I'm sure you're

24         hoping that Judge Maloney will, you know, give you the

25         lowest sentence that he believes is appropriate under the

—23—

```
1          circumstances of your case.  I'm sure you're hoping to get

2          the extra one point reduction from the government for your

3          timely guilty plea.  Understand this, if you were to

4          violate your bond in any way, I think you have to believe

5          that all of those things go out the window.

6                    MR. PAAUWE:  Yes, your Honor.

7                    THE COURT:  Because you're, you know, you're

8          being given an opportunity here for a few more days of

9          freedom, such as it is.  I mean, obviously, you're under

10         supervision, but you're not in prison and you're going to

11         go there and be there for a while, so don't screw it up.

12                   MR. PAAUWE:  Understood, your Honor.

13                   THE COURT:  Okay?  Okay.  All right, any

14         questions for me, Mr. Paauwe, before we adjourn?

15                   MR. PAAUWE:  No, your Honor, thank you.

16                   THE COURT:  Good luck to you.  We're adjourned.

17                   (At 2:36 p.m., proceedings concluded.)

18                                  -oo0oo-

19

20

21

22

23

24

25
```

```
                    CERTIFICATE OF REPORTER




STATE OF MICHIGAN      )
                       )  ss.
COUNTY OF KENT         )




        I, Bonnie L. Rozema, CER, do hereby certify that this

transcript, consisting of 25 pages, is a complete, true, and

accurate transcript, to the best of my ability from the audio

recordings, of the proceedings and testimony held in this case

on June 4, 2019.

        I do further certify that I prepared the foregoing

transcript.




/s/  Bonnie L. Rozema

Bonnie L. Rozema, CER-5571
2700 92nd Street, S.W.
Byron Center, MI  49315
(616) 878-9091


Notary Public in and for
Kent County, Michigan
My commission expires:
March 26, 2025
Acting in the County of Kent
```